Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4104 | **DATE** | 5/14/2002 |
| **CASE TITLE** | PRISM REHAB SYSTEMS, INC. vs. EMBASSY CARE CENTER, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiffs' motion to dismiss all remaining counts without prejudice is granted. Counts II, III, V, VI, VIII and IX in Case No. 99 C 4104 and counts II and III in Case No. 99 C 4513 are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Entry of judgment is stayed until June 13, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 15 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 51 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

PRISM REHAB SYSTEMS, INC.; )
MARINER REHABILITATION )
SERVICES, INC.; )
                                   ) Case Nos. 99 C 4104, 99 C 4513
    Plaintiffs, )
                                   ) Hon. John W. Darrah
    v. )
                                   )
EMBASSY CARE CENTER, INC., d/b/a )
EMBASSY CARE, INC.; PETERSON )
PARK ASSOCIATES LIMITED )
PARTNERSHIP, d/b/a PETERSON )
PARK HEALTH CARE CENTER, )
INC. and PETERSON PARK HEALTH )
CARE CENTER, L.P.; BURNHAM )
TERRACE, LTD.; and ENDEE, L.L.C.; )
                                   )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Prism Rehab Systems, Inc. and Mariner Rehabilitation Services, Inc. ("Plaintiffs"), move, pursuant to Federal Rule of Civil Procedure 41(a)(2), for dismissal without prejudice of Counts II, III, V, VI, VIII and IX in Case No. 99 C 4104 and Counts II and III in Case No. 99 C 4513. For the reasons that follow, Plaintiffs' Motion to Dismiss All Remaining Counts without Prejudice is granted.

## BACKGROUND

Plaintiffs filed complaints in Case Nos. 99 C 4104 and 99 C 4513 on or about June 21, 1999 and July 8, 1999, respectively. On November 10, 1999, Case No. 99 C 4513 was reassigned as

related to Case No. 99 C 4104.

The complaints allege four counts based on promissory notes ("Promissory Note Counts") executed by Defendants and the remaining counts for claims of *quantum meruit*. Summary judgment on the Promissory Note Counts was granted in favor of Plaintiffs on September 26, 2001. The Promissory Note Counts represent more than half of the total amount Plaintiffs seek in these cases. However, it is uncertain whether Plaintiffs will be able to collect that amount due to Defendants' precarious financial condition. A discovery cut-off has been set for May 10, 2002; and a trial on the remaining counts is scheduled for September 9, 2002.

Due to Defendants' poor financial condition, Plaintiffs believe that it is more cost-effective to voluntarily dismiss the remaining counts and thereby avoid additional attorneys' fees and costs associated with prosecuting these counts. Defendants' sole objection is that the remaining counts should be dismissed with prejudice.

## ANALYSIS

Rule 41(a)(2) provides that after the defendant has filed an answer or a motion for summary judgment,

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Dismissal of a complaint without prejudice under Rule 41(a)(2) is within the discretion of the court. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). "'The district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as

the result of the district court's dismissal of the plaintiff's action.'" *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988) (quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986), *cert. denied*, 479 U.S. 961 (1986)).

In determining whether the defendant will suffer "plain legal prejudice" as a result of a dismissal without prejudice under Rule 41(a)(2), the district court will consider the following factors: "the defendant's efforts and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Under certain circumstances, a district court may, as a "term and condition" of dismissal, dismiss the action with prejudice. *Ratkovich v. Smith Kline*, 951 F.2d 155 (7th Cir. 1991). However, "a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994).

The factors listed in *Pace* favor granting Plaintiffs' motion to dismiss the remaining counts without prejudice. Defendants have not expended significant effort or expense in preparing for trial. Discovery has not been completed, and no pre-trial submission or motions have been filed. Plaintiffs have not delayed the prosecution of these cases and have diligently prosecuted these cases. A twenty-month delay in ruling on Plaintiffs' motion for summary judgment occurred due to Defendants' substitution of counsel and attempt to enforce an alleged settlement agreement. After weighing the cost of continuing to litigate the cases and potential difficulty of collecting a judgment from one in the Defendants' precarious financial condition, Plaintiffs have decided to seek to

voluntarily dismiss without prejudice the remaining counts. This explanation sufficiently explains the need for a dismissal without prejudice under Rule 41(a)(2). Finally, Defendants have not filed a motion for summary judgment.

Defendants argue that the actions should be dismissed with prejudice because they have been forced to defend the remaining counts for almost three years, and "it would be inequitable to empower [Plaintiffs] to institute new litigation regarding such claims . . . in a different court, at any time it deems convenient." (Defs.' Resp. Pls.' Mot. Dismiss at 1.) This argument is not persuasive. As was noted above, the delays in prosecuting these cases are attributable to Defendants' requests that the parties be given time to attempt to settle the cases, the withdrawal of Defendants' previous counsel, and Defendants' attempt to avoid partial summary judgment by asserting the existence of a settlement. Therefore, the remaining counts are dismissed without prejudice pursuant to Rule 41(a)(2).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Dismiss All Remaining Counts Without Prejudice is granted. Counts II, III, V, VI, VIII and IX in Case No. 99 C 4104 and Counts II and III in Case No. 99 C 4513 are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: May 14, 2002